This next and last case this morning is 419-0020 in re Marriage of Buttram and for the appellant is Monica Hawkins. Ms. Hawkins, you may proceed. Thank you, Judge. Before I introduce the court, my name is Monica Hawkins and I represent Aaron Buttram with regard to the appeal. Aaron and Suelli were divorced on November 17, 2017 in Mason County. On that date, Aaron was ordered to pay child support an amount of $900 per month. Thereafter, on March 22, 2018, Aaron filed a petition for modification of child support alleging that his income had substantially reduced. That hearing was eventually heard on December 10, 2018. At that hearing, at the beginning, there were discussions between the court and Aaron and counsel for Suelli that both parties were required to file position statements or calculations with the court. Aaron did file a proposed calculation. Suelli filed a document entitled Plaintiff's Proposed Calculations. However, that document did not include calculations whatsoever, just an opinion. Aaron indicated that the financial affidavit of Suelli was not complete and he wanted more time to review it and get some more information. The judge denied that request and asked that this matter continue. He also wanted to discuss the issue that he has been child for more than 146 days a year and that Suelli's income had substantially increased. The judge did not allow that. Aaron attempted to have an exhibit entered into evidence. Suelli objected. The judge sustained that objection. At that time, Aaron then moved to continue this case, stating he needed to get an attorney. He said he did not understand what was going on and he wanted time to get an attorney. The judge denied that request in order for the matter to continue forward. Aaron did have two additional exhibit entered. Both were denied. He then testified on his own behalf. After testifying, Suelli did not testify and the judge took the matter under advisement. On December 11, 2018, the judge issued a written ruling denying Aaron's petition to modify child support. This notice of appeal was filed on January 2nd. There are several reasons why we are asking this court to reverse the lower court's decision. First, it was an abuse of discretion for this court to fail to introduce child support. Modification of child support lies within the trial court's sound discretion, and the reviewing court will not disprove this decision absent an abuse of discretion. In this case, Aaron was ordered to pay child support of $900 on November 17. On March 22nd, about five or six months later, he filed a petition to modify, stating that his income has been reduced. On May 3rd, both parties filed financial affidavits. Aaron filed one indicating that his income is $25.28 per month, and Suelli's is $46.17 per month. When you put these two figures into the Illinois Child Support Estimator Calculator provided by the Illinois Department of Health Care and Family Services, it reveals that Aaron should actually be paying child support in the amount of $368.42 per month, with an additional $67 per month for benefit support. This amount is substantially lower than the $900 he is currently paying, and it was an abuse of discretion for the lower court to not reduce the child support. That assumes that the court had proper evidence before it on this point, does it? That is correct, Your Honor, and that goes to my next argument, Your Honor, where the two next arguments I have is, first, that he was not able to present evidence outside of his petition. So if he would have been able to present the evidence, he tried to get in the fact that he has a child born in 146 days, and he also tried to have the fact that Suelli's income sustained some increase. However, when he tried to bring forth that evidence, without even Suelli objecting, the judge, on his own volition, said, I'm not going to consider that. It's not in your petition. However, 735 ILCS 5-2-616 clearly states that a pleading may be amended at any time before or after judgment to conform to the pleadings of the proofs. That's not what happened here. So was that for the court to suspend it, make that amendment? It is not, but he did not give Aaron the opportunity to do that. He cut him down. He shut him down before Aaron could even try to do that. I don't know whether Aaron knew he could do it or not. So if a petition to modify child support is filed on the grounds of X, at the hearing, there's no limitation at all, if I understand your argument correctly, for the petitioner to want to present evidence on additional grounds A, B, and C. Is that correct? There's no limitation, in my opinion, as long as it goes towards the facts that are needed to reduce the child support. Well, I want to reduce child support because of X. Oh, and here are three other reasons on why child support should be reduced. I didn't put them in my petition, but I want to now present evidence on it. Correct. And your position is the petitioner has an automatic right to this? I don't think he has an automatic right to it. I think he would have had the opportunity to present it. Well, what are the guidelines here? I mean, you're arguing to us as if this is a statutory right. Exactly. The judge, he had no right to stop it. What are the guidelines? He had a right to stop him. First of all, Suwon did not object. The judge stopped him. It's not my question. What are the guidelines, counsel? At what point may a judge stop it, or does a judge have any right to stop it at all? Because you cited a statute that says, hey, I've got a right to do this. That's a very good question. I believe that if Aaron would have walked in and wanted to present the evidence, you were talking about the parameters here, as long as it goes to the issue of child support, I believe he should have been able to present it and then make a motion to amend his pleading to conform to the proof. So there would be no limitations then on any advance notice for either the court or the other side regarding what the grounds are that the movement is asserted. And the movement, as long as it's a colorable grounds for seeking the same relief, even though it just set forth ground X, it can now present A, B, C, whatever. Right. And it's error for the trial court to not permit this? I see the two different arguments here. I believe it's an error for the court to not allow Aaron to have presented it at all. However, had Sue Ellen objected and said, judge, we're not aware of this, I have no idea what he's talking about, this is not in the petition, that's a totally, I think that goes a different way because then they could say we're not going to agree to this. But Sue Ellen didn't even object. It was the judge who said, I am not going to consider that. And that's where I see it distinguished, where the judge is saying. Had Sue Ellen objected and the court sustained the objection, would that be okay? I think it would reduce my argument. Well, because you started a section, and the section makes no reference to objections. So I'm trying to figure out what's the rule here, Counsel. What I'm looking at is whether Sue Ellen would have had notice of what she was going to argue. So obviously when he walks in and says, I had the child more than 146 days, and Sue Ellen's income has substantially increased. Sue Ellen did not know there were going to be his arguments, obviously. However, she did not object. Had she objected, that would have been a valid basis to object. Well, had she objected, since the statute says nothing about that, then he'd have a right to present that anyway, wouldn't he? Wasn't that how you began your argument? He would have had a right had the judge allowed him to do it, yes. But in this case, the judge did not allow him to do it. I had Sue Ellen objected. I'm trying to get the rule here, Counsel. So I had Sue Ellen objected. Judge, I don't know anything about this. I'm prepared to deal with argument X, not these other arguments. And the judge said, you're right. I'm going to sustain your objection. That would be error, because the statute permits your client to do what he was trying to do. Isn't that your argument? That is. However, I see a different path then. Because if I had Sue Ellen objected, then it goes back to my other argument later, where Aaron could then have asked at that time, I don't understand why you don't need me to continue to amend my petition, or I would like leave to amend my petition to conform, or can I have a continuance to amend my petition? Obviously, he was pro se. He did not know to do any of that. But going back to this particular set of facts was, my argument is kind of also focused on the fact that the judge did this on his own volition. Sue Ellen did not object. Aaron tried to present this. Sue Ellen sat back and didn't say anything. Is it that she didn't object or that the court brought it up as soon as the defendant indicated he wanted to add these things? That is correct. Okay, so it's not so much that she didn't object and sat back. It's more that the defendant started saying, well, Your Honor, I want to talk about this, and the judge is going, wait a minute, I don't see that in your pleading. You're correct. And so he's basically following the basic rules of pleading, that you've got to give your opposing side notice, and he's asking him about the notice, and the defendant is saying, well, I want to talk about this stuff now, too. Correct, correct. You're right. Sue Ellen did not object. The judge jumped in before Sue Ellen may or may not have objected. You are correct. What's the matter with that? Why is that? And to put this in context, Miss Hawkins, something I think you know, but let me state it explicitly. We're on the appellate court, but in our earlier lives, we all had honest work as trial judges. And cumulatively, we have about 40 years' experience as trial judges in this bench, maybe even more. Our sympathies are all with the trial judge. And when I hear arguments like this, I want to think, well, what exactly did the judge do wrong? Why are we called upon to second guess here? And part of the analysis, of course, is why I'm thinking, gee, if I were Judge Bollinger, how would I have handled this? And I certainly see myself doing the same thing. Well, wait a second. That's not what your petition says. And you're supposed to give parties notice of what hearings are about. Correct. And I agree with that, Your Honor. However, each of the separate incidents which occurred during this hearing, I think, cumulated up to where it should be reversed. Can we also put it in context that when this began, the judge specifically sat a pretrial where he talked to the parties about getting counsel. Correct. And then gave them more than adequate time to get counsel. And then eight months, I think, passed until this thing finally came to a hearing. And even before the hearing started, if I'm remembering correctly, wasn't there some conversation about whether he was intending on still representing himself? It was not during the beginning of the hearing. It was after Aaron tried to present his Exhibit 1. He then moved, said, Judge, I need time to get a lawyer. I do not understand what's going on. And then the judge said no. And you are correct. The judge did admonish the parties one time, and that was at the first court date in April of 2018 about getting an attorney. Then there were six or seven court appearances thereafter where the judge never reminded or brought up the fact about getting an attorney. But, yes, it did happen on the first court date. There's one other point, and perhaps this comes from having recently been in the trial court. It seems to me the court attempted in this case to lead Aaron to water in the sense of the pleadings don't conform to what you're attempting to do here, i.e., because judges don't represent pro se defendants, it's for them or litigants to represent themselves, i.e., make a motion to amend, and I will grant that motion. I mean, I think there's a real argument, and certainly the way I read the record, that would be an appropriate way for the court without prompting to prompt the litigant to do so. Correct. And that's a good point. I was not there, and seeing it from my point of view, my argument is that Aaron, I understand, is not a lawyer. And so he obviously did not know that that's what he had to do. And I'm not saying Judge Bolinger shouldn't have said, you should amend your petition, because that's not what you would do. But I still believe that my argument is that Aaron should have been given the opportunity and then moved to amend his petition to conform to the pleadings that he put forth, because the basis of 146 days of having a child, as well as Sue Ellen's increase in income, does exist to reduce the child support when you put the calculation in there. And then that goes next to that it was an abuse of discretion for the lower court not to give him time to get an attorney at the beginning of the hearing on December 10th, 2018, after Aaron decided to have his first exhibit entered, that would be denied. Aaron then moved to continue saying, hey, I need time to get a lawyer. I don't understand what's going on. But this is your client reacting to an in-trial situation as though all of a sudden he's hit a brick wall, he can't get any farther with the court. But he didn't careen into this situation. The court had been setting trial settings, pre-trials. There's proceeding, there's pleading practice. This is what we often see pro se litigants get themselves into. And the court, in addressing the amendment issue, that comes to the court by way of your client not being happy with the fact that there's not new calculations. So this sort of unravels, this whole situation unravels with the court saying, well, look, let's look at the pleadings. The pleadings don't conform with this. It's at that point, another judge might have said, okay, sure, you need to amend this, that, and the other thing. But another judge's style may be that it's not incumbent upon me to represent this individual. Therefore, if I don't hear a motion to amend, we proceed as though we're at trial and call your next witness. Correct. And you're correct, but that too, it's everything on top of each other. The fact that he ordered the parties to file proposed calculations, and he, Aaron, does file his proposed calculation, Suella filed the document, does not contain any calculations whatsoever, just an opinion that child support should not be increased. Well, but if their position is there doesn't need to be a change, then why do they need calculations? This is from my practice with Judge Bollinger. If I could state what we do in front of Judge Bollinger is he requires us to know. Go ahead. Okay. He requires us to file specific calculations, whether we believe that child support should be increased or not. We have to attach the income and then the child support calculator estimator and then do a little paragraph as to what we believe child support should be. So my argument is that Suella, my guess is, put in the figures from the two financial affidavits dated in May of 2018, saw that the child support should be reduced from $350 to merit on the side of, I'm not going to put that in there because the judge is going to say, yes, it should be reduced. So I'm just going to put one little statement saying that it should not be reduced. So the lawyers who practice in front of Judge Bollinger know that you're supposed to do this. Yes. And somehow Aaron did that too. Yes. Aaron did well because the judge specifically stated, I believe, yeah, he stated on- Well, Aaron was the first guy to mention, but Judge, they didn't, they haven't filed any. So somehow Aaron, pro se, knows that there's this practice in front of Judge Bollinger that you're supposed to be filing these calculations. Calculations, correct. Okay. And the judge even stated on- So he's not totally oblivious to the practice. You're right. But he's also referencing on April 19th, 2018 and November 5th, 2018, Judge Bollinger had stated, I want both parties to file written calculations. So he was also pointing back in the transcripts and states, Judge, you asked us to. Judge, you asked us to. That's what he keeps saying. So he prepared as though he was going to have those calculations at the time of hearing. Correct. And they were actually attached to his financial affidavit. Aaron's calculations were attached to the financial affidavit that he filed back in May. And then Swellen's calculations just did not exist. So it was Aaron for the court not to require Swellen to file her calculations because if it would have, it would have shown that the child support should be reduced. And finally, my argument about retaining an attorney, the judge stated that the hearing had already started and that's why he should not get a continuous hearing. Yes, it had just started, but no evidence had been heard. He tried to admit one evidence, one exhibit. I noticed that argument, and I guess in your trial with the attorney, when you schedule these things, you understand that the court has blocked out. This is a contested hearing. And the court's aware that I've got one pro se litigant, so that means it's going to be a longer hearing. So as you're aware, the court blocks out all this time. Those other 15 hearings got moved because we're going to give this case this date. It's gone on for eight months now. We've got all these other pretrials. This is the date. And what you're saying is that because Aaron has a change of mind and decides, oh, wait a minute, maybe this is a little bit more than I should be doing myself. You're supposed to just stop the hearing. You lose that court time. All those other cases that got moved because if this court is like ours always was, we always had backups just in case something happens. Well, but if it's a contested hearing, no, everything else has got to go. But that's supposed to happen. We're supposed to take out that whole block of time now because Aaron suddenly decides eight months later, okay, I've changed my mind. I'm going to go on. In this case, I say yes because it was totally against the justice in this case because the child support figures were so different. Well, that would be true in every case. You always finish the ends of justice for one side or the other. That is true. In this case, the court ordered an amount of child support of $900 compared to what the financial affidavit showed he should actually be paying were so different that, yes, in this case, that's what it should have been. So any other questions about that? And for these reasons, I ask that you draw to the bursary. Okay. Thank you, counsel. We'll take this meeting and be in recess. We'll turn out here to visit with the folks in a few minutes.